PER CURIAM.
UPON MOTION FOR CLARIFICATION
Bel-Aire Investments, Inc. moved for rehearing or clarification as a result of our *1202 use of the term “assignees” to designate those mobile home owners who have succeeded to the leasehold rights of prior tenants. Bel-Aire indicates that technically there have been no formal assignments and those that have purchased a “re-sale” home in the community have simply assumed the selling tenants lease as a matter of statutory right. We grant the motion for clarification, withdraw our previous opinion and substitute the following:
In this class action, Magnolia Village Homeowners Association of Edgewater, Inc. (“Association”), appeals an order limiting the class members to “all mobile home owners who now occupy Magnolia Village (the “Community”) and who received an increase in base rent which they paid for the rental years 1993-1996.” We agree with the Association that the class should be extended to include owners who now occupy the Community and who paid rent after December 31, 1996, provided that those owners paid rent based upon a rent increase challenged in the class action suit. Those owners should be included because they have succeeded to the rights under the lease agreement of the previous tenants as prescribed by statute and those previous tenants would have been entitled to be members of the class had they continued to reside in the Community.
Our conclusion is supported by the following portions of section 723.059, Florida Statutes (1997):
723.059 Rights of purchaser.—
[[Image here]]
(3). The purchaser of a mobile home who becomes a resident of the mobile home park in accordance with this section has the right to assume the remainder of the term of any rental agreement then in effect between the mobile home park owner and the seller and shall be entitled to rely on the terms and conditions of the prospectus or offering circular as delivered to the initial recipient. (4). However, nothing herein shall be construed to prohibit a mobile home park owner from increasing the rental amount to be paid by the purchaser upon the expiration of the assumed rental agreement in an amount deemed appropriate by the mobile home park owner, so long as such increase is disclosed to the purchaser prior to his or her occupancy and is imposed in a manner consistent with the initial offering circular or prospectus and this act.
One who buys a mobile home from a seller obtains the rights that the seller had in a lease in existence at the time of sale. § 723.059(3), Fla. Stat. (1997). The rights continue until such time as the park owner imposes an increase in rent after compliance with subsection 723.059(4). Therefore, those post-December 31, 1996 mobile home owners who succeeded to the rights of pre-December 31, 1996 mobile home owners, under leases containing the challenged rent increases, should be entitled to recovery (should the Association prevail) for rental increases they paid until the time of the imposition of an increase in rent in compliance with subsection 723.059(4).
We vacate Paragraph (2) of the order and remand with instructions to expand the members of the class in accordance with this opinion.[1]
W. SHARP, PETERSON and THOMPSON, JJ., concur.

. We suggest that an appropriate description of the class could be: All mobile home owners who now occupy Magnolia Village and who paid rent, the amount of which was calculated by increases in the base rent that became effective on January 1 of any of the years 1993, 1994, 1995 and 1996.